UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl K. Counts, | ) C/A No.: 3:10-2165-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Kershaw County Sheriff Dep; | ) |
| Solicitor Office; | ) |
| Probate Office; | ) |
| Probation Office, | ) |
| Defendant. | ) |

This matter has been filed pursuant to 42 U.S.C. §1983 by a *pro se* plaintiff. Plaintiff alleges he was falsely arrested. He is not currently incarcerated and it is unclear from the complaint if he completed a sentence or if he was released after charges were dropped. He seeks damages for the alleged wrongful incarceration.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S.

5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The defendants, Kershaw County Sheriff's Department, the Solicitor's Office, the Probate Office, and the Probation office, each consist of buildings, facilities, and grounds. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the defendant is not a "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, No. 9:03-3436-23, 2003 WL 23541770 (D.S.C. Dec. 4, 2003), *affirmed Staley v. South Carolina Department of Corrections*, No. 04-6022, 96 Fed. Appx. 928 (4th Cir. May 21, 2004). As a result, all of the Defendants in this matter are entitled to summary dismissal.

Since Plaintiff has failed to name a person who may be sued in a Section 1983 action, it is unnecessary to review his complaint on the merits.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v.*

*Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra.*

                                                            Joseph R. McCrorey
                                                            United States Magistrate Judge

December 8, 2010
Columbia, South Carolina

***<u>The plaintiff's attention is directed to the important notice on the next page</u>***.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).